Green, J.,
delivered the opinion of the court.
This is an action of replevin for ten mules. It appears from the bill of exceptions, that an execution in favor of B. S. Payne, for the use of Levi Baker, against D. McGuire and others, for $2257 40, from the circuit court of Davidson county, was placed in the hands of the plaintiff in error, who was the sheriff, and was levied on the mules in controvert, as the property of said McGuire — said mules at the time of the levy, being in the possession of said Hayes. The execution was issued February 25th, 1850, and was levied the 20th of April thereafter.
This execution is founded on a judgment confessed in said court, by James Whitworth, attorney in fact for the defendant, in favor of Levi Baker, for $2257 40, the amount then due on a note, executed by the defendant to B. S. Payne, and which was by him transferred to Levi Baker. Said judgment was confessed at the January term of said circuit court.
Between the 1st and 10th of February, 1850, McGuire sold *305 these mules to Hayes, he having bought them, and retained the possession of them, only about forty-eight hours before the sale to Hayes.
The court instructed the j ury in substance, that the execution was a lien upon all the personal property of the defendant, owned by him at the date of its test, or acquired by him afterwards, until the day of its return. That in this case, the execution in the name of B. S. Payne, for the use of Levi Baker, against David McGuire and others, might protect the sheriff from any penalties, or give a good title to the purchaser at an execution sale, but it would not vest the sheriff with any right in the property seised under it, or enable him to defend himself under it against the plaintiff, if the plaintiff was in possession of the property at the time of the seisure.
The jury found for the plaintiff, and the defendant appealed to this court.
1st. It is said this execution was no lien on this property, because the defendant in the execution did not own it at the date of the judgment, and had sold it before the execution issued.
We cannot perceive that these facts can effect the lien of the execution. The judgment is no lien on personal property, so that if property acquired after the judgment, and disposed of before the issuance of the execution, would be unaffected by the lien of the execution — so property owned at the date of the judgment, and sold before the execution issued, would be equally unaffected by such lien. But this is certainly not the law.
The execution relates to the date of its test, which is the first day of the term from which it issues, and operates as if it were actually running from the date of its test, to the day of its return, and is a lien on all the goods of the defendant, owned by him during that period.
*306 3d. It is contended there is no judgment upon which this execution is founded, that the judgment produced is in favor of Levi Baker, and the execution is in favor of B. S. Payne, for the use of Levi Baker, and that it cannot be founded on the judgment in favor of Levi Baker.
The execution in this case is certainly irregular, but we do not think it is void. The execution recites a judgment recovered nominally by B. S. Payne, for the use of Levi Baker— Baker is the real plaintiff in the execution, and it is substantially an execution in favor of Levi Baker, upon a judgment recovered by him.
The case of Stevenson vs. McLean, 5 Humph. Rep., 332, fully supports the validity of the execution, in the present case. The irregularities in the execution in that case, were much greater than in the one before the court, and yet this court held that the execution was not void, and that the sheriff was bound to execute it according to its exigency, and that its irregularity, and voidable character, were no excuse to the sheriff for its non-execution.
3d. But his Honor, the circuit Judge, holds in this case, that though the execution be not void, and would protect the sheriff from any penalties, and would give a good title to the purchaser under it; yet it could give no title to the property levied on, by virtue thereof, to the sheriff, or enable him to defend himself against the plaintiff, if the plaintiff were in possession of the property at the time of the seisure.
We are unable to perceive the reason upon which this distinction rests, and we are referred to no authority in support of it, and we think no such authority exists.
If the execution be not void, but only irregular, it protects the sheriff, and the purchaser gets a good title. He gets a good title because the execution authorized the seisure, and vested the title in the sheriff. He is authorized to sell personal property levied on, not because he has process in his *307 hands at the time, but because he has acquired a title to the property, by reason of the levy of valid process.
If the sheriff levy an execution, and has not time to sell, he may return-the execution, and afterwards sell the property, because he has title to it.
It cannot be true, therefore, that the execution could be valid for the benefit of the purchaser, and not be valid to confer, by the levy of it, a title in the sheriff.
We think there is error in the record, and reverse the judgment, and remand the cause for another trial.